### SHINNICK v FLEMING et

Ohio Common Pleas, Muskingum Co

Decided May 25, 1937

Frazier & Holliday, Zanesville, for plaintiff.

Herbert S. Duffy, Columbus, Virgil E. Johnson, Pros. Atty., Zanesville, for defendants.

### OPINION

By TANNEHILL, J.

On March 11, 1933, the plaintiff in error filed her petition in this court against the defendants in error, claiming that the Tax Commission of Ohio erroneously certified an assessment of taxable property against her, assessable on the general, personal and classified property tax lists and duplicates of Muskingum county, Ohio, for the year 1932, being as follows:

"1. Productive investment (total amount assessed) $24,180, tax rate 5%, total tax $1,209; grand total of tax $1,209, amount of advance payment $415.45, tax due $793.55."

Then follows an assignment of five claimed errors.

Plaintiff in error by the prayer of her petition asks that said certificate of said assessment on her productive investments for the year 1932, in the total sum of $24,180, and the assessment of a total tax of $1,209, and the assessment of tax due in the sum of $793.55 for said year, and the certifications, findings, resolutions and orders of the Tax Commission of Ohio relating thereto, be reversed, and that plaintiff in error be restored to all interest lost thereby.

On the 25th day of April, 1923, William M. Shinnick entered into a trust contract with The First Trust & Savings Bank of the city of Zanesville, Ohio; the 1st, 2nd and 17th items of said agreement being in the words and figures following:

"First: The said William M. Shinnick is desirous of making a gift to, and creating an income for, William M. Shinnick, Anna Hill Shinnick, Harold C. Shinnick, Mary C. Shinnick, Ida M. Shinnick, Mary Christine Porter and Eleanor Storr, which shall insure an income to the said parties for, and during their natural life time, and after the deceased of said parties to create a fund for charitable purposes, and in order to carry out the said desire, he hereby enters into this agreement with the said The First Trust & Savings Bank, as trustee, to carry out the objects and purposes of the said gift.

"Second: The said William M. Shinnick contemporaneously herewith, and as a part and parcel of this contract, sells, assigns, transfers and sets over to the said The First Trust & Savings Bank, fifteen hundred (1,500) shares of the capital stock of the Mosaic Tile Company, of the city of Zanesville, Ohio, of the par value of one hundred dollars ($100) per share, making in all one hundred and fifty thousand ($150,000) dollars par value of said stock. The said sale and transfer of said stock to the said bank, passes a complete and absolute ownership of the said stock to the said The First Trust & Savings Bank, to enable it to carry out, and perform, the various trusts herein set forth, and enumerated. All right, title and interest of the said William H. Shinnick, in and to the said stock is vested in, and owned by, the said The First Trust & Savings Bank.

"Seventeenth: Out of the income from the balance of my estate, as set forth in Item Sixteenth, I direct my said trustee to pay the sum of One Thousand Dollars per month to the said William M. Shinnick, as long as he shall live; and also to pay Anna Hill Shinnick, the wife of the said William M. Shinnick, the sum of One Thousand Dollars per month as long as she shall live. If the income from said trust fund shall, at any time be insufficient to pay the said sums of money to the said William M. Shinnick and Anna Hill Shinnick, as herein provided, then the principal sum of said trust fund, so far as may become necessary, may be used by the

244

said trustee for the purpose of paying the said income. And, if the said income shall be more than sufficient to pay the said monthly installments of income provided for the said William M. Shinnick and Anna Hill Shinnick, the excess shall become a part, of the said trust fund, and shall be invested by the said trustee like other funds belonging to the said trust."

After entering into the above trust con-. tract, and before the property mentioned therein was transferred and deeded to the trust company, William M. Shinnick died, and immediately thereafter all the real estate was, by affidavit of the widow, Anna Hill Shinnick, transferred to her and entered of record. Immediately following said transfer the said Anna Hill Shinnick turned over to the said trust company all the property mentioned, in conformity to said contract entered into between the said William M. Shinnick and said trust company.

With the papers is filed a complete copy of said trust contract, as well as an agreed statement of facts.

The questions presented are: First: Is the so-called annuity of twelve thousand dollars taxable personal property? Second: If it is taxable property, under what class does it fall, and has the tax been properly computed?

The plaintiff in error denies that this twelve thousand dollars is an annuity such as is taxable. The defendant admits this, and further admits that it is not "money" or "credits." Defendant claims that this twelve thousand dollars should fall under the head of "investments" or "other intangibles." Defendants admit that:

1. Shares of stock, etc., are eliminated.
2. Interest bearing obligations are eliminated.
3. Annuities, royalties and other contractual obligations for the periodical payments of money and all contractual and other incorporeal rights of a pecuniary nature whatsoever from which income is or may be derived, however evidenced, with certain exceptions, are eliminated.
4. Interest of employe, etc., eliminated. But defendants claim that the finding of the Tax Commission does fall under provisions of §5223 GC of the year 1931, which provides:

"All equitable interests, life or other limited estates and annuity interests in any investment hereinbefore described, or in any fund made up of any such investments, wherever located."

We recognize that we are not bound by what the Legislature meant to say, and that our concern is with the meaning of what the Legislature did say, or, in other words, the effect of the statute.

In attempting to construe the meaning of any paragraph of this act, it is necessary to read the whole act, and not just one isolated section.

Sec 5328-1 GC, defines the property which shall be listed as personal property, and includes "investments."

Sec 5323 GC defines "investments," and includes the class of investments as quoted above and which is under consideration.

Sec 5366 GC defines "taxpayers" as follows:

" 'Taxpayer' means any owner of taxable property and includes first, every person residing in, or incorporated or organized by or under the laws of this state, or doing business in this state, excepting in each instance, those hereinafter expressly excluded; and, second, every fiduciary required by this chapter to make return for or, on behalf of another."

Item (c) thereof:

"Fiduciaries appointed by any court in this state or having title, possession or custody of taxable personal property in this state or engaged in business in this state."

" 'Fiduciary' includes executors, administrators, parents, guardians, receivers, assignees, official custodians, factors, bailees, lessees, agents, attorneys and employees; but such term does not include trustees unless the sense requires that it shall do so."

Sec 5371, GC, defines where personal property should be listed and assessed:

"Taxable property * * * belonging to the estate of a deceased resident of this state shall be listed and assessed in the taxing district in which he resides at the time of his death regardless of the residence of his executors, administrators or personal representatives."

"All fiduciaries shall, for the purpose of this section, be deemed to be the owner of taxable property which they are required by this chapter to return for others."

Sec 5372-4 GC, orders all courts to furnish the Tax Commission with a statement in writing showing the names of every administrator, executor, guardian, trustee, receiver, assignee, and every other person or officer legally in charge and control of any estate in such court, together with the aggregate value of each and every class of property in the hands of each such administrator, executor, guardian, trustee, receiver, assignee, person or officer, as shown by the last inventory or report filed by each of them in such court during the preceding calendar year.

It will be noted that a fiduciary is not required to list the names of the beneficiaries of the trust and it would therefore appear that the state is not interested in the individual beneficiaries.

Reading all these statutes together, and keeping in mind that they are all parts of one act, which became effective in June of 1931, we find that the Legislature defines a taxpayer as a fiduciary, and the duties incumbent thereon. §5366 GC, in defining 'taxpayer,' refers at different times to 'laws of this state,' and 'doing business in this state,' and 'owning or having beneficial interest in taxable property in this state,' and, again, under Item (c), the statute refers to 'fiduciaries appointed by any court in this state or having title, possession or custody of taxable personal property in this state.' The statute then names all classes of fiduciaries, and §5371 GC, in stating where personal property should be listed, says:

"Taxable property belonging to the estate of a deceased resident of this state shall be listed and assessed in the taxing district in which he resided at the time of his death regardless of the residence of his executors, administrators or personal representatives."

Then, finally:

"All fiduciaries shall, for the purpose of this section, be deemed to be the owners of taxable property which they are required by this chapter to return for taxation."

These statutes cover every description of intangible property, except in a case where the fiduciary lives and has his residence in another state and the beneficiary lives in this state.

No one will say that this state has not a right to tax equitable interests in intangibles held outside of this state which are taxed in other states. A fiduciary has a right to and must return taxable property, intangibles, in this state; but taxing the investments in the hands of a fiduciary living in this state and the equitable interests in the same investments is clearly double taxation. The Legislature certainly had no such intent.

The only conclusion that can be reached as to the meaning of the paragraphs relied upon by the Tax Commission, and under which defendant claims this property in question can be taxed, is: that of equitable interests of residents of this state in trust held by fiduciaries of other states.

This being clearly the meaning of these sections, the court therefore finds that this so-called annuity is not taxable personal property. The finding of the court as to the first question presented, automatically disposes of the other matters or questions involved.